UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DANIELLE M. SOMERVILLE-WHITE, *et al.*, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil Action No.  1:22-cv-03672 (UNA) |
| TOM VILSACK, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the case for the reasons explained below.

Plaintiff, a resident of Jonesville, Virginia, attempts to bring this suit as a class action, and sues the United States Secretary of Agriculture ("UDSA"), the United States Patent Office, and Boehringer Ingelheim Animal Health USA, Inc. and its CEO.  The complaint begins somewhat coherently, as plaintiff appears to be challenging USDA's implementation of an initiative she refers to as the "ORV bait program," which she asserts is a federal plan to immunize wild raccoons to prevent the spread of rabies.  Plaintiff alleges that the defendants have illegally manufactured and then distributed these baits, on both public and private property (without permission), and that these actions have caused disastrous effects.  However, plaintiff believes that the ORV bait program, and its alleged consequences, were intentionally created by a long-term nefarious conspiracy by defendants and others "with CIA controlled Google and other corporations who have technology to create a slave labor force of robots and clones to replace humans[,]" and to use "metal RIFD chips to track and monitor individuals without their permission."  She contends that

Boehringer Ingelheim Animal Health "made up rabies" as a ruse, and that these "[g]enetically altered rabies vaccines are capable of creating a zombie epidemic[.]" She equates this conspiracy to a centuries-long "biowarfare against humans[,]" orchestrated by "many high-ranking government officials, Bankers and Pharmaceutical CEO[]s . . . scientists[,]" and others. She alleges that people have been similarly poisoned by the COVID-19 vaccine, because "pharmaceutical CEO[]s and elites are suspected of colluding to cause illness among the masses, then coming in to profit off the cure to make themselves look like the savior[,]" and that these "Elite bankers and government officials have the motive to suppress the American people via man-made diseases in the heart of Patriot country." She seeks injunctive relief, a criminal investigation and prosecution of defendants, and $1 billion in damages.

First, plaintiff cannot bring this suit as a class action because a *pro se* litigant can represent only herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class"), citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

Second, the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if

they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). The instant complaint falls squarely into this category.

Consequently, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: December 19, 2022

AMY BERMAN JACKSON
United States District Judge